UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------------X
IN THE MATTER OF AN APPLICATION OF THE UNITED     MEMORANDUM
STATES OF AMERICA FOR AN ORDER (1) DIRECTING        AND ORDER
[REDACTED SERVICE PROVIDER] TO PROVIDE
TECHNICAL ASSISTANCE WITH RESPECT TO THE              17-MC-1679 (JO)
INTERCEPTION OF WIRE COMMUNICATIONS; (2)
AUTHORIZING THE USE OF A PEN REGISTER AND A
TRAP AND TRACE DEVICE; AND (3) THE PROVISION OF
SUBSCRIBER INFORMATION.
------------------------------------------------------------------------------------X

JAMES ORENSTEIN, Magistrate Judge:

In a motion submitted earlier today, the government seeks an order pursuant to the All Writs Act, 28 U.S.C § 1651(a) (the "AWA"), requiring a provider of electronic communications services (the "Provider") to furnish certain technical assistance to law enforcement agents in the interception of the communications of a specific cellular telephone (the "Subject Telephone"). *See* Application at 1; [Proposed] Sealed Order of Authorization at 1-2; [Proposed] Sealed Order to Service Provider at 1.[1] The government has provided the Subject Telephone to a person (the "Witness") who is willing to use it to engage in communications relevant to the government's investigation, and who has consented to have the government monitor all of the Witness's communications (relevant and otherwise) made using that device. The Provider declines to provide the assistance the government seeks in the absence of a court order. For the reasons briefly set forth below, I deny the government's motion.[2]

---

[1] I respectfully direct the Clerk to file the cited Application and Proposed Orders on the docket and maintain each under seal until September 11, 2017. The government may seek a renewal of the 90-day sealing period upon a showing of continuing need for secrecy. This Memorandum and Order may be filed on the public docket, as it includes no information that can compromise the government's investigation.

[2] The Application seeks additional relief that I deny without prejudice to renewal by means of an amended application and proposed orders that omit the references to the relief sought under the All Writs Act.

I.       Background

As part of an investigation into suspected criminal activity, the government has secured the agreement of the Witness to engage in monitored communications with subjects of the investigation. Beginning over a year ago, agents provided the Subject Telephone to the Witness, who in turn provided written consent to the interception and recording of all calls made and received over that device. The Witness further agreed in writing not to "permit any third person to use the SUBJECT TELEPHONE to make or receive telephone calls or to participate in telephone calls to which [the Witness was] not a party." Application at 6-7. The Witness again provided written consent to the monitoring of the Subject Telephone several months later, and then did so a third time two days ago; in this most recent writing, according to the government, the Witness again committed "not [to] allow third parties to use the telephone." *Id.* at 7 & Ex. A.[3]

Until recently, the agents consensually monitored the Subject Telephone's communications and location by using "a software-based solution" that did not require the Provider's participation. *Id.* at 7 n.6. The government reports that the latter product was recently "discontinued" without explaining how that discontinuance renders the product it was already using ineffective (although I assume that it must be so). *Id.* The government does not discuss whether any alternative products or services are available, or whether there is any other way for it to engage in the consensual

---

[3] The government does not explain why it asked the Witness to provide such written consent on multiple occasions. Although it has no bearing on my disposition of the motion, I note that the government's description of the Witness's commitment regarding third party usage of the Subject Telephone does not wholly jibe with the language of the third written consent which is attached as an exhibit to the Application. In that document, the Witness does no more than acknowledge having "been instructed that the [Subject Telephone] and any cellular or other telephones made available to me by the law enforcement agencies in the course of this investigation are to be used only by me, and that I am not authorized to allow any other person to make, receive, or participate in telephone calls involving those telephones in which I am not a participant." Application Ex. A. For purposes of analysis, I will assume that the Witness has actually agreed not to allow third parties to use the Subject Telephone for communications (and has the ability to prevent them from doing so), rather than merely acknowledging the agents' instructions in that regard.

2

monitoring of a person's telephone communications without requiring the Provider to install a wiretap. Instead, it simply reports the discontinuance of one product and then writes: "Thus, the government is requesting this proposed Order." *Id.*

The Provider is unwilling to install the wiretap the government seeks without a court order. *Id.* at 7. Given that refusal, the government posits, "a Court order is necessary." *Id.* at 8. The government proposes that if its request is granted, it will instruct its agents "that they may intercept and record communications over the SUBJECT TELEPHONE only in accordance with 18 U.S.C. § 2511(2)(c), *i.e.*, that they may intercept and record only those calls (or portions of calls) over the SUBJECT TELEPHONE in which the [Witness] is personally involved as a party to the communication." *Id.* at 8-9.

II. Discussion

    A. The All Writs Act

The AWA provides that a federal court "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a).

> The plain text of the statute thus confers on all federal courts the authority to issue orders where three requirements are satisfied:
>
>     1.    issuance of the writ must be "in aid of" the issuing court's jurisdiction;
>
>     2.    the type of writ requested must be "necessary or appropriate" to provide such aid to the issuing court's jurisdiction; and
>
>     3.    the issuance of the writ must be "agreeable to the usages and principles of law."
>
> If an application under the AWA meets all three of those requirements, the court "may" issue the requested writ in the exercise of its discretion – but it is never required to do so. *See*, *e.g.*, *Application of U.S. in Matter of Order Authorizing Use of a Pen Register*, 538 F.2d 956, 961 (2d Cir. 1976), *rev'd on other grounds*, *United States v. N.Y. Tel. Co.*, 434 U.S. 159 (1977); *Morrow v. District of Columbia*, 417 F.2d 728, 736 (D.C. Cir. 1969); *Paramount Film Distributing Corp. v. Civic Center Theatre, Inc.*, 333 F.2d 358, 360 (10th Cir. 1964); *Chemical & Indus. Corp. v. Druffel*, 301 F.2d 126, 129 (6th Cir. 1962).

3

A court deciding whether to take such discretionary action should consider three additional factors:

1.      the closeness of the relationship between the person or entity to whom the proposed writ is directed and the matter over which the court has jurisdiction;

2.      the reasonableness of the burden to be imposed on the writ's subject; and

3.      the necessity of the requested writ to aid the court's jurisdiction (which does replicate the second statutory element, despite the overlapping language).

*See N.Y. Tel. Co.*, 434 U.S. at 174-78.

*In re Apple, Inc.*, 149 F. Supp. 3d 341, 350-51 (E.D.N.Y. 2016).[4]

B.      Statutory Requirements

1.      Aid of Jurisdiction

The relief the government seeks is not in aid of the court's jurisdiction. No court has issued any order the execution of which is frustrated by the Provider's refusal to assist the government, nor does the Provider's reluctance in that regard undermine the rights that any party to any court proceeding has secured. Instead, the requested order would do no more than conscript a private entity to assist a law enforcement investigation – that is, it would be in aid of the executive's duties, rather than the judiciary's. The AWA does not confer such authority.

The government has not provided any explanation as to how the law permits the relief it seeks. In this context, it is useful to note that the circumstances of the instant application differ from those in some previous reported cases under the AWA. In *In re Apple, Inc.*, for example, I concluded that the order the government sought would be in aid of the court's jurisdiction because it would allow the government to vindicate its rights under a previously issued search warrant. *See* 149 F. Supp. 3d at 351-52. Likewise, in *N.Y. Tel. Co.*, the government required assistance to vindicate its

---

[4] I do not cite my earlier opinion in *In re Apple, Inc.* for any precedential value, but rather as a reference for a more detailed discussion of my understanding of the history and meaning of the AWA than time allows here.

rights under a previously issued order authorizing the installation of a pen register. *See N.Y. Tel. Co.*, 434 U.S. at 175 n.23. In contrast, no court has issued any order that cannot be executed without the Provider's unwilling assistance.[5]

    2.     <u>Necessary or Proper</u>

"Unless appropriately confined by Congress, a federal court may avail itself of all auxiliary writs as aids in the performance of its duties, when the use of such historic aids is calculated in its sound judgment to achieve the ends of justice entrusted to it." *Adams v. United States ex rel. McCann*, 317 U.S. 269, 273 (1942) (quoted in *N.Y. Tel. Co.*, 434 U.S. at 172-73). If the Provider's assistance to the government would aid this court's jurisdiction, then ordering it to provide such assistance would be necessary and proper within the meaning of the AWA. But because the court's jurisdiction is not implicated, the government requests relief that cannot be deemed "calculated … to achieve the ends of justice entrusted to" this court. I therefore conclude that the government has not established the second statutory requirement.

    3.     <u>Agreeable to the Usages and Principles of Law</u>

As I have discussed at length elsewhere, the AWA fills interstitial gaps in statutory law – it does not allow a court to confer authority that Congress has considered and rejected, and it is not a vehicle for accomplishing something permitted by a different statute that imposes requirements that cannot for some reason be met. *See generally In re Apple, Inc.*, 149 F. Supp. 3d at 353; *Pennsylvania Bureau of Correction v. U.S. Marshals Serv.*, 474 U.S. 34, 41 (1985).

---

[5] Another potential problem with this statutory requirement is that the record does not make it apparent that this court has any jurisdiction to exercise. The Application specifies that the Provider is located in another district, and says nothing about whether, at the time of the Application, the Subject Telephone was within the Eastern District of New York. To be sure, the Witness recently executed the latest consent to the monitoring of communications within this district, but that does not establish the proposition that this court has any authority to order the Provider to take actions with respect to a device that may or may not now be within the court's territorial jurisdiction.

What the government proposes, in essence, is that I order the Provider to help it install a wiretap on the Subject Telephone – as reflected by the fact that the government explicitly commits to intercept the Witness's communications in accordance with the wiretap statute. *See* Application at 8 (citing 18 U.S.C. § 2511(2)(c)). But that is precisely the kind of exercise of judicial authority that the case law interpreting the AWA forbids. Before a court may order a communications service provider to participate in the interception of wire or electronic communications, the government must satisfy one of the most rigorous sets of requirements prescribed under federal law. Among other things, it must secure permission from a high-ranking Justice Department official to make the request; it must establish probable cause to believe that specific persons will use a specific facility to discuss specific crimes; and it must demonstrate that other investigative techniques have been tried and failed (or reasonably appear unlikely to succeed or dangerous to try). *See* 18 U.S.C. § 2518. The government has not attempted to meet that significant burden,[6] and the AWA provides no authority to excuse that lapse.

In addition, a court may order the interception of communications only for the period "necessary to achieve the objective of the authorization" – and in no event for longer than thirty days. In contrast, the government invokes the AWA to seek an order requiring the Provider to assist in the interception of communications for a period of sixty days. The AWA does not empower a court to override the limits of the wiretap statute in this way.

Finally, an application for an order authorizing the interception of wire or electronic communications may be made only to a "judge of competent jurisdiction[.]" 18 U.S.C. § 2518(1). The United States Court of Appeals for the Second Circuit has interpreted that phrase, defined to

---

[6] It is no criticism to observe that the government has not met its burden to secure an order permitting the interception of communications for the simple reason that no such order is legally required under the circumstances. The Witness having provided consent, the government is within its rights to intercept the Witness's communications without a court order. 18 U.S.C. § 2511(2)(c).

6

include (among others) "a judge of a United States district court[,]" *id.* § 2510(9)(a), to exclude federal magistrate judges. *See In re United States*, 10 F.3d 931 (2d Cir. 1993). The AWA does not empower a court to expand the statutorily defined scope of a magistrate judge's authority. I therefore conclude that the government has failed to satisfy the AWA's third statutory requirement.

    C.    <u>Discretionary Factors</u>

        1.    <u>Closeness</u>

In *N.Y. Tel. Co.*, the Supreme Court considered the nature of the relationship between the telephone company that the government sought to compel to provide assistance in installing a pen register and the subject of the criminal investigation. It reasoned that the company could fairly be compelled to provide assistance to the government in part because there was probable cause to believe that the company's own facilities were being used to commit the crime under investigation. As the court concluded, the company was not "so far removed from the underlying controversy that its assistance could not be permissibly compelled." 434 U.S. at 174.

No such relationship exists here. As far as the record reveals, the Provider's only relationship to the government's investigation is that the government chose to use a mobile telephone using the Provider's service to provide to its Witness as an investigative tool. The record thus shows literally no connection at all to the underlying controversy. The first discretionary factor thus weighs against the government.

        2.    <u>Burdensomeness</u>

A court exercising its authority under the AWA may not impose "unreasonable burdens" on the subjects of its orders. *N.Y. Tel. Co.*, 434 U.S. at 172. Ordering the Provider to assist the government's monitoring of the Subject Telephone is not particularly burdensome: it is the sort of thing that the Provider and other entities like it do frequently pursuant to court orders under the federal wiretap statute and its various state law counterparts. Moreover, the proposed orders require

7

the government to reimburse the Provider for its reasonable expenses in furnishing the requested assistance. *See* [Proposed] Sealed Order of Authorization at 5-6; [Proposed] Sealed Order to Service Provider at 4. Under these circumstances, I conclude that the second discretionary factor favors the government.

        3.        <u>Necessity</u>

The third discretionary factor is necessity. In *N.Y. Tel. Co.*, the Supreme Court observed that "without the Company's assistance there is no conceivable way in which the surveillance authorized by the District Court could have been successfully accomplished." 434 U.S. at 175. The record before me shows no such necessity. The government has demonstrated only that for over a year, it was able to monitor the Witness's communications over the Subject Telephone without the Provider's assistance, and that the particular product it used to do so has been discontinued. It has not asserted, much less established, that there are no other alternatives available that will allow it to accomplish its investigative goal without forcing the Provider to furnish technical assistance against its will. The complete lack of any showing of necessity weighs heavily against the government.

III.    <u>Conclusion</u>

For the reasons set forth above, I conclude that the All Writs Act does not authorize a court to grant the relief the government seeks, and that in any event the discretionary factors a court must consider weigh against granting the request. I therefore deny the government's motion for an order pursuant to the All Writs Act.

        SO ORDERED.

Dated:  Brooklyn, New York
         June 9, 2017

                                                                                        /s/
                                              JAMES ORENSTEIN
                                              U.S. Magistrate Judge